# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ALLIED PROP. CAS. INS. CO. & AMICO INS. CO., : : : | |
| Plaintiffs, : : | CASE NO.: 7:22-CV-00113 (WLS) |
| v. : : | |
| BLOODWORTH WHOLESALE DRUGS, INC., : : : | |
| Defendant. : : | |

## AMENDED DISCOVERY AND SCHEDULING ORDER

Before the Court is Plaintiffs' Joint Motion to Bifurcate Summary Judgment Briefing (Doc. 22), filed on May 1, 2023. Therein, Parties state that pursuant to Paragraph 3(a)[1] of the Scheduling/Discovery Order (Doc. 19), the Parties agree to bifurcate the coverage issues in two phases of summary judgment briefing. (Doc. 22). Specifically, the Parties agree that they must file summary judgment motions on the issue of whether Plaintiffs in the underlying litigation seek "damages because of 'bodily injury' or 'property damage,'" as those terms are used in the subject CGL policies and umbrella policies; and if summary judgment is not granted in Plaintiffs' favor on this issue, then discovery shall reopen for a limited period of 60 days from the date of the Court's summary judgment order so that the Parties may conduct discovery on the remaining coverage issues in this case; thereafter, summary judgment motions on remaining coverage issues raised in Counts One, Two, and Three of Plaintiff's First Amended Complaint (Doc. 14) shall be filed within 90 days from the date of the Court's first summary judgment order. (Doc. 22); (Doc. 22-1). Thus, the Parties request

---

[1] Paragraph 3(a) from the Scheduling/Discovery Order (Doc. 19, at 2) provides:
> Due to the nature of the case, the Parties have decided to confer and create an agreement on the most appropriate way for the Court to address or handle the various, ancillary issues involved in this case. The Parties have until Monday, May 1, 2023, to notify and file the said agreement by submitting a joint motion, which may modify the deadlines of the instant discovery order.

the Court amend or revise the Scheduling/Discovery Order (Doc. 19) to include the bifurcation.

For good cause shown, the Court **GRANTS** the Joint Motion to Bifurcate Summary Judgment Briefing (Doc. 22).  The remaining deadlines set out in the Scheduling/Discovery Order (Doc. 19) are amended as follows:

(1) Fact discovery must be completed by **Friday, July 28, 2023**, unless extended by the Court for good cause shown upon timely written motion by either party. The Court notes that extension will be freely granted if there is a showing of good cause upon due diligence.

(2) Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

(3) Unless discovery is extended by Order of the Court, all dispositive motions must be filed no later than **Monday, August 28, 2023,** and as set out below. In the event that discovery is extended, all dispositive motions must be filed no later than **thirty (30) days** after the close of discovery.

   (a) Pursuant to granting Parties' Joint Motion to Bifurcate (Doc. 22), Parties must file their **summary judgment motions** by **Monday, August 28, 2023**, on the specific issue of whether the Plaintiffs seek damages because of "bodily injury" or "property damage" as those terms are used in the subject CGL Policies and Umbrella Policies.

   If summary judgment motion is not granted in Plaintiffs' favor on this issue, then discovery will reopen for a period of 60 days from the date of the Court's summary judgment Order so that Parties can conduct discovery on the remaining coverage issues in this case. Additionally, summary judgment motions on those remaining coverage issues, which are raised in Counts One, Two, and Three of Plaintiffs' Amended Complaint (Doc. 14), shall be filed within 90 days from the date of the Court's first summary judgment order.

   (b) Accordingly, after the Court enters its first summary judgment Order, the Court may, upon request by a Party, also enter an amended scheduling Order that sets out new or revised dates on remaining discovery deadlines.

(4)  Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs. The Parties may forego a formal motion and instead, request a phone conference to address the matter. In that event, the Courtroom Deputy will be contacted and a date and time for the conference will be determined. The Parties shall provide the Court with a statement of the issue(s) and a concise statement of each party's position prior to the hearing. A Party may comply with a single filing on behalf of all Parties.

(5)  If necessary, each Party must serve upon other Parties the disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by **Tuesday, June 20, 2023**. A rebuttal on expert reports may be served by **Monday, July 17, 2023**. If necessary, a party may timely move by written motion upon good cause to extend the deadline.

(6)  Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

    (i) **Monday, August 28, 2023**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty (30) days** after the close of discovery;

    (ii) **Wednesday, September 13, 2023**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one (21) days** after the dispositive motion deadline; or

    (iii) **Fourteen (14) days after notice of the pretrial conference is entered,** if the motion relates to a trial witness or issue and if necessary the motion will be heard at the pretrial conference.

    (iv) If the case reaches the second summary judgment phase, such motions will be due in accordance with the same 30, 21, or 14 day schedule as set out above in connection with the second phase discovery deadlines.

(7)  Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

(8) If a protective order is necessary, a joint proposed protective order or motion for protective order must be filed **no later than thirty (30) days after entry of this Order**, unless it was already extended earlier upon a timely written motion.

The Court has modified the Parties' request so that all discovery, including expert discovery, is included in the extended discovery period. All other unexpired notices, rules, and timeframes included in the first Scheduling/Discovery Order (Doc. 19) remain in effect to the extent that they do not conflict with this Order.

Based upon the foregoing schedule, this case tentatively[2] should be ready for trial to commence on **Monday, November 6, 2023**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

**SO ORDERED**, this __12th__ day of May 2023.

                /s/ W. Louis Sands
                **W. LOUIS SANDS, SR. JUDGE**
                **UNITED STATES DISTRICT COURT**

---

[2] The actual trial date will be known when the Parties receive the notice of the pretrial conference and when Parties submit a proposed pretrial order, which might state the proposed trial date listed herein or an earlier or later trial date.