**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| ALLIED PROP. CAS. INS. CO. & AMCO INS. CO., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CASE NO.:  7:22-CV-00113 (WLS) |
| v. | : | |
| | : | |
| BLOODWORTH WHOLESALE DRUGS, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

Pending before the Court are Parties' cross-motions for summary judgment submitted for the first phase of motions for summary judgment. (Docs. 31; 32).

Previously, the Court granted (Doc. 23) the Parties' Joint Motion to Bifurcate Summary Judgment Briefing (Doc. 22), wherein the Parties agreed to bifurcate the Policies' coverage issues in two phases of summary judgment briefing. Currently, the instant cross-motions for summary judgment (Docs. 31; 32) are filed for the first phase of summary judgment briefing, and they only deal with the single issue of whether the plaintiffs in the underlying opioid lawsuits against Defendant Bloodworth seek damages "because of bodily injury" within the meaning of the Policies issued by Plaintiffs Allied and AMCO. (Doc. 22); (Doc. 31-1, at 2); (Doc. 32-1, at 1, n.1). The Parties also note that the issue of whether the bodily injury was caused by an "occurrence," as used in the Policies, is not yet an issue before the Court, so the Court need not focus on that issue. (Doc. 31-1, at 16, n.5).

Nevertheless, the Court still finds that the issue of whether the allegations in the underlying opioid lawsuits constitute an "occurrence," as used in the Policies, needs to be

addressed, at least to the extent as to whether "occurrence," as used in the Policies, modifies, limits, enhances, or in some way affects the meaning of "because of bodily injury." To be clear, the Court is not seeking to discuss the discrete matters as to "occurrence" as to any particular claims at this stage of summary judgment briefing; however, the Court finds that each Party's view on whether and how "occurrence" informs or plays a role in defining or limiting what damages are covered under "because of bodily injury," as used in the Policies, may be helpful or meaningful. In other words, in order for the Court to determine what is or is not covered under "because of bodily injury," as used in the Policies, the Court wants to know the Parties' views and arguments as to whether they contend that damages sought "because of bodily injury" in the underlying opioid lawsuits are affected by "occurrence" and its meaning when determining what damages are covered under "because of bodily injury," given that the Court must interpret the provisions of the Policies as a whole.

Therefore, the Court **ORDERS** the Parties to brief the Court of their views on whether and how the term "occurrence," as used in the Policies, defines, limits, or affects the term "because of bodily injury" as used in the Policies and the underlying opioid lawsuits. Each Party's brief shall not be more than **seven (7) pages**, not including the certificate of service page, within **seven (7) days of entry of this Order**. The Parties shall not file responses or replies to these court-ordered supplemental briefs.

**SO ORDERED**, this 21st day of February 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2